**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:99CR75-2**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **WAYNELY BROWN** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to correct

or reduce sentence pursuant to Fed. R. Crim. P. 35(a) or, alternatively, to

reconsider the denial of his motion for reduction of sentence.  The motion

is denied.

Rule 35(a) states that a court may correct a sentence "that resulted

from arithmetical, technical, or other clear error" within 7 days after

sentencing.  **Fed. R. Crim. P. 35(a).**  Defendant was sentenced in 2001,

therefore, this Rule is clearly inapplicable.  Alternatively, the Defendant

asks the Court to reconsider the denial of his motion for reduction of

sentence filed pursuant to 18 U.S.C. § 3582(c)(2) based on the new

amendment to the Sentencing Guidelines and its retroactive application to

crack cocaine offenses. *See* **Order Regarding Motion for Sentence Reduction, filed March 16, 2009.** Defendant suggests the Court should have considered whether the "disparity between the Guidelines treatment of crack and powder cocaine offenses [would have] entitled [Defendant] to a reduction beyond that suggested by the crack cocaine amendment." **Defendant's Motion,** *supra.* The Court finds this argument, as well as the others raised in the motion, to be without merit.

IT IS, THEREFORE, ORDERED that the Defendant's motion pursuant to Rule 35(a) and the alternative motion for reconsideration are hereby **DENIED.**

Signed: April 2, 2009

Lacy H. Thornburg
United States District Judge