IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:99cr75-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WAYNELY BROWN . | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion Pursuant to Rule 33 of Criminal Procedures [Doc. 282] and his Motion for Evidentiary Hearing [Doc. 284].

**PROCEDURAL HISTORY**

On August 4, 1999, the Defendant was charged in a one count bill of indictment with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §846. [Doc. 3]. He was found guilty after jury trial in January 2000 and was sentenced to 240 months imprisonment in January 2001. [Doc. 56; Doc. 108]. His conviction and

1

sentence were affirmed on direct appeal. United States v. Brown, 38 Fed.Appx. 133 (4th Cir. 2002), *certiorari denied* 547 U.S. 1120, 126 S.Ct. 1929, 164 L.Ed.2d 678 (2006).

In August 2003, the Defendant moved pursuant to 28 U.S.C. §2255 to vacate or set aside his conviction. [Doc. 191]. His motion was denied [Doc. 201] and the Fourth Circuit declined to issue a certificate of appealability. Brown v. United States, 95 Fed.Appx. 13 (4th Cir. 2004), *certiorari denied* 543 U.S. 973, 125 S.Ct. 446, 160 L.Ed.2d 347 (2004).

The Defendant has been a prolific filer in this Court. He has filed numerous motions, including motions to reconsider, to compel the Government, for clarification, and to produce grand jury transcripts. [Docs. 202, 219, 227, 228, 231, 248]. In August 2008, he was identified as a defendant potentially entitled to relief pursuant to the crack cocaine guideline amendment, Amendment 706. [Doc. 257]. An attorney appointed to represent the Defendant concluded that he was ineligible for relief because the applicable guideline range remained unchanged after the amendment. The guideline range, both before and after the amendment, was greater than the 240 month statutory maximum sentence. Hence, pursuant to USSG 5G1.1(a) the guideline range remained 240 to 240 months. [Doc. 259]. The United

2

States Probation Officer agreed and found the Defendant ineligible for any relief. [Docs. 262, 263]. On March 16, 2009, the sentencing court denied the Defendant's *pro se* motion for relief pursuant to the amendment. [Doc. 264]. On appeal, the denial of relief was affirmed. United States v. Brown, 329 Fed.Appx. 475 (4th Cir. 2009).

Undetered, the Defendant filed the pending motion on September 1, 2009 for a sentence reduction pursuant to Federal Rule of Criminal Procedure 33. [Doc. 282]. On January 25, 2010, he moved for an evidentiary hearing. [Doc. 284].

**DISCUSSION**

The Defendant moves for a new trial, claiming that the attorney appointed to represent him in connection with the crack cocaine guideline amendment was ineffective. Because counsel was ineffective, he argues, this constitutes newly discovered evidence entitling him to a new trial pursuant to Federal Rule of Criminal Procedure 33.

> In determining whether a new trial should be granted under Rule 33 for newly discovered evidence, [the] court utilizes a five-part test:
>
> (a) the evidence must be, in fact, newly discovered; *i.e.,* discovered since the trial; (b) facts must be

3

> alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably result in an acquittal.
>
> Without ruling out the possibility that a rare example might exist, [the Fourth Circuit has] never allowed a new trial unless all five elements were established.

United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001), *certiorari denied* 534 U.S. 939, 122 S.Ct. 313, 151 L.Ed.2d 233 (2001), *quoting* United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1989), *certiorari granted in part* 510 U.S. 913, 114 S.Ct. 299, 126 L.Ed.2d 248 (1993), *affirmed* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (other citations omitted).

Assuming that the Defendant may move pursuant to Rule 33 for a new trial based on the conduct of counsel appointed to investigate post-conviction relief, the Fourth Circuit has ruled that the Defendant is not eligible for relief pursuant to the crack cocaine guideline amendment. United States v. Brown, 329 Fed.Appx. 475 (4th Cir. 2009). Thus, the fact that the attorney also concluded the Defendant was ineligible for relief does not constitute ineffective assistance of counsel.

The Defendant also claims that this attorney was ineffective for failing

4

to argue, in the context of the crack cocaine guideline amendment, that his twenty year sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Modification proceedings pursuant to 18 U.S.C. §3582(c)(2), however, are not complete re-sentencing hearings, and all other guideline application decisions are unaffected.  United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), *certiorari denied* 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009) (Booker does not address motions to reduce pursuant to §3582(c)(2)); United States v. Rhodes, 549 F.3d 833, 840 (10th Cir. 2008), *certiorari denied* 129 S.Ct. 2052, 173 L.Ed.2d 1136 (2009).

Moreover, the Fourth Circuit considered and rejected the Defendant's Apprendi claim on direct appeal.  Brown, 38 Fed.Appx. 133.  When a federal prisoner raises a claim that had been decided on direct appeal, he cannot relitigate that claim collaterally.  Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), *certiorari denied* 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976).  Moreover, none of these cases applies retroactively to cases in which post-conviction relief is sought.  United States v. Dunphy, 551

5

F.3d 247, 251-53 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009) (Booker has no application to proceedings under §3582(c)(2)); United States v. McKenzie, 2009 WL 3969700 (4th Cir. 2009) (Apprendi is not retroactively available in a §3582 proceeding), *citing* United States v. McBride, 283 F.3d 612, 615-16 (3rd Cir. 2002), *certiorari denied* 537 U.S. 864, 123 S.Ct. 258, 154 L.Ed.2d 106 (2002); United States v. Fowler, 133 Fed.Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.").

Finally, the Fourth Circuit has ruled that

> information supporting an ineffective assistance claim is not "evidence" within the meaning of Rule 33 and, therefore, ... a motion for a new trial predicated on ineffective assistance of counsel must be brought, if at all, within seven days of judgment regardless of when the defendant becomes aware of the facts which suggested to [him] that [his] attorney's performance may have been constitutionally inadequate.

United States v. Smith, 62 F.3d 641, 648 (4th Cir. 1995); United States v. McGurk, 290 Fed.Appx. 585, 587 (4th Cir. 2008); United States v. Rathburn, 45 Fed.Appx. 243 (4th Cir. 2002). This motion is therefore untimely.

Because no relief is available to the Defendant, his motion for an evidentiary hearing is moot.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion Pursuant to Rule 33 of Criminal Procedures [Doc. 282] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that his Motion for Evidentiary Hearing [Doc. 284] is hereby **DENIED** as moot.

Signed: May 14, 2010

Martin Reidinger
United States District Judge