# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CRIMINAL CASE NO. 1:99cr75

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WAYNELY BROWN. | ) | |

**THIS MATTER** is before the Court on the Defendant's Petition for Writ of Audita Querela [Doc. 287].

## PROCEDURAL HISTORY

On August 4, 1999, the Defendant was charged in a one count bill of indictment with conspiracy to possess with intent to distribute cocaine and cocaine base. [Doc. 3]. He was found guilty by jury verdict on January 20, 2000. [Doc. 56]. On January 31, 2001, the Defendant was sentenced to 240 months imprisonment. [Doc. 108]. The Defendant appealed and the United States Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Brown, 38 Fed.Appx. 133 (4th Cir. 2002).

In May 2003, the Defendant filed a motion pursuant to 28 U.S.C. §2255.

Brown v. United States, Civil Case No. 1:03cv111. That motion was denied on August 19, 2003. [Civil Case No. 1:03cv111, at Doc. 4]. The Defendant's motion for a certificate of appealability was denied by the Fourth Circuit. United States v. Brown, 95 Fed.Appx. 13 (4th Cir. 2004).

In 2005, the Fourth Circuit affirmed the trial court's denial of his motion to compel the Government to file a motion for a sentence reduction. United States v. Brown, 155 Fed.Appx. 708 (4th Cir. 2005). When the trial court denied his motion to reconsider his §2255 motion, he also appealed to no avail. United States v. Brown, 197 Fed.Appx. 248 (4th Cir. 2006).

On March 16, 2009, the trial court denied the Defendant's motion pursuant to the Crack Cocaine Guideline Amendment. [Doc. 264]. The Defendant once again appealed, arguing that the Court could have sentenced him below the amended guideline range. That argument was rejected as well. United States v. Brown, 329 Fed.Appx. 475 (4th Cir. 2009).

While that appeal was pending, the Defendant filed another motion to reduce his sentence or alternatively, for reconsideration. [Doc. 265]. That motion was denied on April 2, 2009. [Doc. 269]. The Defendant did not appeal.

On September 8, 2009, the Defendant's case was reassigned to the undersigned due to the retirement of Hon. Lacy H. Thornburg, the trial court

and sentencing judge. On May 14, 2010, this Court denied two more motions which had been filed by the Defendant. [Doc. 285]. He did not appeal; instead, he has now filed the pending motion.

**DISCUSSION**

The Defendant now moves pursuant to the ancient writ of *audita querela* claiming that he is not actually the person indicted because Devon Alphonso Thomlinson stole his identity and he received ineffective assistance at trial. The Defendant has attached a document purportedly signed in Jamiaca in January 2009 which he claims is Thomlinson's affidavit. [Doc. 287]. In that document, it is stated that Thomlinson gave false information against the Defendant. [Id.]. The Defendant also argues that, because he will be deported at the conclusion of his sentence, equitable relief should be granted.

The All Writs Act, 28 U.S.C. §1651, "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985).

> At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment. *Audita querela* has been expressly abolished in civil cases by the Rules of Civil Procedure. See, Fed.R.Civ.P. 60(b). The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed.

248 (1954) and the All Writs Act. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).

The writ of *audita querela,* however, is not available to a federal prisoner where postconviction relief would be cognizable pursuant to 28 U.S.C. §2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* In re Rushing-Floyd, 62 Fed.Appx. 64, 64-65 (4th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that before a second or successive motion pursuant to §2255 may be filed, the petitioner must first obtain an order from the court of appeals authorizing the district court to entertain it. Holt, supra. The Defendant here has previously filed a motion pursuant to §2255 and the AEDPA provides a mechanism by which he may pursue another such motion. The Defendant may not avoid AEDPA's requirements for filing a second or successive §2255 motion by filing a petition for a writ of *audita querela*. United States v. Sanchez, 2009 WL 389365 (3rd Cir. 2009); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), *opinion amended on denial of rehearing* 530 F.3d 1183 (9th Cir. 2008); Valdez-Pacheco, 237 F.3d at 1079; Shelton v. United States, 201 Fed.Appx. 123, 124 (3rd Cir. 2006) ("In particular, the writ [of *audita querela*] cannot be invoked in order to enable a defendant to file a §2255 claim, but avoid complying with the rules that govern such motions."); Collins v. United States, 2009 WL 792048

4

(N.D.N.Y. 2009), *affirmed* 373 Fed.Appx. 94 (2nd Cir. 2010). "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs." Valdez-Pacheco, 237 F.3d at 1080; In re Watkins, 223 Fed.Appx. 265 (4th Cir. 2007). As a result, the Defendant is not entitled to any relief.

As is obvious from the procedural history recounted above, the Defendant is a prolific *pro se* filer. The Defendant is hereby placed on notice that the Court will not continue to entertain frivolous filings. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 Fed.Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); *In re* Vincent, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. <u>Cromer v. Kraft Foods North America, Inc.</u>, 390 F.3d 812 (4th Cir. 2004); <u>Vestal v. Clinton</u>, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. <u>Foley v. Fix</u>, 106 F.3d 556 (4th Cir. 1997); <u>In re Joseph Marion Head</u>, 19 F.3d 1429 (4th Cir. 1994), *certiorari denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, 28 U.S.C. §1651(a); <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Petition for Writ of Audita Querela [Doc. 287] is hereby **DENIED**.

Signed: November 20, 2010

Martin Reidinger
United States District Judge